IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**RONALD L. BRUCE**,                                      Civil Case No. 08-467-KI

                    Plaintiff,

    vs.                                                   OPINION AND ORDER

**MICHAEL J. ASTRUE**,
Commissioner of Social Security,

                   Defendant.


    James S. Coon
    Kimberly K. Tucker
    Swanson, Thomas & Coon
    820 SW Second Avenue, Suite 200
    Portland, Oregon  97204

        Attorneys for Plaintiff

    Kent S. Robinson
    Acting United States Attorney
    District of Oregon

Page 1 - OPINION AND ORDER

Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902

Leisa A. Wolf
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075

       Attorneys for Defendant

KING, Judge:

Plaintiff Ronald L. Bruce brings this action pursuant to section 205(g) of the Social

Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the

Commissioner denying plaintiff's application for disability insurance benefits ("DIB").  I affirm

the decision of the Commissioner.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits

to people who have contributed to the Social Security program and who suffer from a physical or

mental disability.  42 U.S.C. § 423(a)(1).  In addition, under the Act, supplemental security

income benefits may be available to individuals who are age 65 or over, blind, or disabled, but

who do not have insured status under the Act.  42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which can be expected to

cause death or to last for a continuous period of at least twelve months.  42 U.S.C.

Page 2 - OPINION AND ORDER

§§ 423(d)(1)(A) and 1382c(a)(3)(A). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability. The claimant has the burden of proof on the first four steps. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007), cert. denied, 128 S. Ct. 1068 (2008); 20 C.F.R. §§ 404.1520 and 416.920. First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity." If the claimant is engaged in such activity, disability benefits are denied. Otherwise, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the

Page 3 - OPINION AND ORDER

impairment prevents the claimant from performing work which the claimant performed in the past.  If the claimant is able to perform work which he performed in the past, a finding of "not disabled" is made and disability benefits are denied.  20 C.F.R. §§ 404.1520(e) and 416.920(e).

If the claimant is unable to perform work performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his age, education, and work experience.  The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities.  Parra, 481 F.3d at 746.  The claimant is entitled to disability benefits only if he is not able to perform other work.  20 C.F.R. §§ 404.1520(f) and 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards.  Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).  Substantial evidence is more than a "mere scintilla" of the evidence but less than a preponderance.  Id.  "[T]he commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision."  Batson v. Barnhart, 359 F.3d 1190, 1193 (9th Cir. 2003) (internal citations omitted).

## THE ALJ'S DECISION

The ALJ found that Bruce suffers from post-traumatic stress disorder ("PTSD").  However, the ALJ did not find that this impairment met or medically equaled the requirements of any of the impairments listed in Appendix 1, Subpart P of part 404 of the Social Security Regulations.  The ALJ found Bruce not fully credible as to the limiting effects of his PTSD.  The

ALJ concluded that Bruce could perform the full range of exertional work, except that he should have only occasional contact with co-workers and should have only brief structured interactions with the public.  With a residual functional capacity of this nature, Bruce could perform other work in the national economy, including as a marker, optical benchworker, and small products assembler.

## FACTS

Bruce, age 52 on the date of the hearing, alleges disability beginning May 15, 1995, due to PTSD.  Plaintiff graduated from high school.  He was in the Marine Corps from July 30, 1968 to May 14, 1970, and served in Vietnam.  After his discharge from service, he worked in the construction industry, mostly painting and hanging wallpaper, until 1992.  He also earned income in 1995, 1998, 1999 and 2000, mostly performing odd jobs.

Bruce receives benefits from the Veteran's Administration; it determined that he suffers from PTSD and assigned a 70% service-connected disability rating.

## DISCUSSION

Bruce challenges only the ALJ's finding regarding his credibility.  Specifically, he argues the ALJ incorrectly concluded that he had lied to the VA about his work history when the record reflects otherwise.  He also argues that the ALJ erred by not specifically noting which testimony was not credible.

When deciding whether to accept the subjective symptom testimony of a claimant, the ALJ must perform a two-stage analysis.  In the first stage, the claimant must produce objective medical evidence of one or more impairments which could reasonably be expected to produce some degree of symptom.  Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007).  The

Page 5 - OPINION AND ORDER

claimant is not required to show that the impairment could reasonably be expected to cause the

severity of the symptom, but only to show that it could reasonably have caused some degree of

the symptom.  In the second stage of the analysis, the ALJ must assess the credibility of the

claimant's testimony regarding the severity of the symptoms.  If there is no affirmative evidence

of malingering, the ALJ may reject the claimant's testimony "only by offering specific, clear and

convincing reasons for doing so."  Id.

 The ALJ stated at the outset of her decision,

>  Although the claimant alleges that he became disabled and unable to work
> as of May 15, 1995, the record shows that he had self-employment income during
> the years 1998, 1999, and 2000 which he did not report to the IRS until August
> 2003. . . . [I]t is noted that the claimant in 2000 falsely reported during his
> disability evaluation for VA benefits that he had not worked since 1995 and had
> not attempted work since then.  As a result of this falsehood he was awarded
> unemployability benefits.  The claimant likewise falsely alleged in his prior
> application that he was disabled as of December 31, 1994.  Only after he was
> denied Social Security benefits due to a finding of no disability as of his date last
> insured, did he decide to report his self employment earning in August 2003.  This
> extended his date last insured.  It was only at that point that he amended his
> alleged onset date at his prior hearing.  This dishonesty in reporting when he
> ceased working and in not reporting income to the IRS or paying Social Security
> taxes until his date last insured became an issue destroys his credibility.

Tr. 17-18.

 The ALJ further noted that Bruce's "minimal treatment and continued work activity . . .

are not consistent with his allegations of disabling symptoms."  Tr. 21.  Specifically, the ALJ

noted that Bruce alleged an onset date of 1995, but did not seek treatment until September 2000.

The ALJ noted other discrepancies in Bruce's story; he told a psychiatrist that he had "alienated

everyone in the construction field in the Portland Metropolitan area by his behavior," but in a

questionnaire he commented that he did not think his past employers knew about his condition.

Page 6 - OPINION AND ORDER

Tr. 21.  The ALJ also commented that Bruce thought his PTSD symptoms were brought on when

he ceased drinking alcohol, but he stopped drinking in 1986 and worked for many years after

that.

Finally, the ALJ reported that in February 2002, Bruce had a Global Assessment of

Functioning score of 60,[1] he was only taking Trazodone for sleep and he was not taking any anti-

anxiety medication.  Bruce decided not to attend mental health treatment by October 2002

because he was doing so well.  In short, the ALJ concluded that his functioning was not as

limited as he claimed it to be.

I agree with Bruce that there is no evidence he misrepresented his work history to the VA.

The VA's disability decision contained the following statement:  "The veteran reported that he

last worked in 1993 [as] a wallpaper hanger and has not attempted employment since then."  Tr.

464.  The VA relied on his Social Security earning records which showed no earnings since

1995.  Bruce had, however, told Gary Sacks, Ph.D., at the VA that "[d]uring the last five years,

he has just taken 'odd jobs here and there.'  He has worked approximately half-time painting

houses during 2001."  Tr. 312.  He also told a consultant hired by the VA that "in the past few

years" he "had difficulty holding a job as he is unable to deal with customers and co-workers."

Tr. 436.  There is no evidence in the record indicating that Bruce reported otherwise to the VA,

although I note he did not correct this misunderstanding either.

---

[1]The GAF is a scale from 1-100, in ten point increments, that is used by clinicians to
determine the individual's overall functioning. A GAF of 51 to 60 indicates "Moderate symptoms
(e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in
social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers."
The American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 34
(4th ed. 2000) ("DSM-IV").

Furthermore, the Commissioner's assertions that Bruce was less than forthcoming in his application for DIB as to the levels of income he earned in 1999, 2000 and 2001, is post-hoc rationalization. The ALJ did not reference these misrepresentations in evaluating Bruce's credibility. See Stout v. Comm'r of Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) ("cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision").

Nevertheless, the ALJ gave specific, clear and convincing reasons to question Bruce's credibility. The ALJ considered Bruce's work history during and after the years of his alleged onset date of disability, as well as his statement that he suffered from PTSD once he quit drinking, when he was able to work for many years after that date. Drouin v. Sullivan, 966 F.2d 1255, 1258 (9th Cir. 1992) (work "with a fair amount of success" undermines claim of disability). The ALJ also considered Bruce's delay in obtaining treatment. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (ALJ may consider "unexplained . . . failure to seek treatment"). She also considered Bruce's failure to report income to the IRS, and the suspect timing of his correction. He amended his alleged onset date and extended his date last insured by that late reporting of self-employment income. Id. (ALJ may consider statements by the claimant that appear to be "less than candid"). The fact that the ALJ improperly considered some reasons for finding plaintiff's credibility undermined does not mean that the ALJ's entire credibility assessment is improper. Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir. 2003).

Furthermore, the ALJ's decision was sufficiently specific as to which testimony was unpersuasive. The ALJ concluded that Bruce's testimony "concerning the intensity, persistence and limiting effects of his symptoms are not credible." Tr. 21. In addition, she rejected his

testimony that his PTSD symptoms became problematic when he quit drinking, she rejected his

statement that his onset date of disability was 1995, and she rejected his statement that his

behavior was so bad he had alienated everyone in the construction field.

## CONCLUSION

The findings of the Commissioner are based upon substantial evidence in the record and

the correct legal standards, and therefore the court affirms the decision of the Commissioner.

IT IS SO ORDERED.

Dated this _____16th_____ day of December, 2009.

_____/s/ Garr M. King_____
Garr M. King
United States District Judge

Page 9 - OPINION AND ORDER